JAMES L. ROGERS ET AL., PLAINTIFFS AND PROSECUTORS, v. JAMES O. NEWTON.

Submitted July 12, 1904—Decided November 7, 1904.

A payment upon a book account which has never been recognized in its entirety, without proof showing that such payment was made in recognition of the whole claim and as a payment upon account thereof, will not take the unpaid part of the account out of the statute of limitations.

Before Justices FORT and REED.

For the prosecutors, *Alan H. & Theodore Strong*.

For the defendant, *James H. Van Cleef*.

The opinion of the court was delivered by

FORT, J. This was a suit to recover for an undertaker's bill. The bill was incurred in the burial of the daughter-in-law of the defendant. The materials were furnished and the services rendered in 1894. The proof shows that, in 1896, $10 was paid upon account of the bill, but by whom it was paid it does not appear.

It was claimed in the cause. that the defendant had contracted the bill, and that the plaintiff did the work relying upon the defendant's promise to pay therefor. This, however, was denied by the defendant.

The suit was not instituted. until 1901. It was alleged that there had been made by the defendant an oral promise to pay the bill in 1896. No promise in writing was shown or alleged.

The proof in the cause does not bring the case within the rule stated in *Romaine* v. *Corlies,* 18 *Vroom* 108.

A simple payment upon a book account which has never been recognized as to its entirety, without something to show that such payment was made in recognition of the whole claim, and that it was made as a payment on account of the whole claim, will not take the unpaid part of the account out of the statute. *Vaughn* v. *Hankinson, Administrator,* 6 *Vroom* 79.

The charge of the judge of the District Court in this case correctly stated the law. The jury found for the defendant under the proof, and we think rightly. The trial judge would have been justified, under the proof certified, in directing a verdict for the defendant on the ground that the plaintiff's claim was barred by the statute of limitations. He, however, submitted all the questions in the case to the jury, under proper instructions, and they found for the defendant.

The judgment of the District Court is affirmed, with costs.